HILL v. PERRIN.

1. The bar of the statute of limitations being pleaded by defendant, plaintiff offered to prove by parol that defendant, in consideration of forbearance, had agreed that if the amount was not paid before six years after the maturity of the account, he would not plead the statute. *Held*, that the Circuit judge committed no error in excluding the parol testimony offered.
2. A parol promise not to plead the statute cannot operate as a waiver, or as an agreement, or by way of estoppel, to subvert the declared policy of the statute. *Code,* § 131.

Before HUDSON, J., Abbeville, February, 1884.

Action by A. M. Hill against L. W. Perrin, administrator of Joel S. Perrin. The judgment was for defendant, and plaintiff appealed upon his exception to the judge's ruling at the trial, as stated in the opinion of this court. The opinion states the case.

*Mr. Eugene B. Gary*, for appellant, compared section 131 of the code of procedure with the 4th section of the statute of frauds (*Gen. Stat.*, § 2019), and cited 4 *Min. Inst.*, 506 ; 16 *S. C.*, 213 ; *Big. Est.*, 533, 534, 440, 441 ; 3 *Hill*, 54 ; 3 *S. C.*, 298 ; 13 *Id.*, 37 ; *Wood Lim.*, § 76.

*Mr. T. P. Cothran*, contra, cited *Code*, § 131 ; 2 *Abb.*, 277 ; *Wood Lim.*, 80, 209, § 84 ; 1 *Add. Cont.*, § 410 ; 7 *Bing.*, 163 ; *Big. Est.* (2d edit.), 437, 439 ; 9 *How. Pr.*, 550 ; 31 *Barb.*, 169 ; 29 *Me.*, 50 ; 26 *Conn.*, 324 ; 42 *N. Y.*, 443.

July 1, 1884.    The opinion of the court was delivered by

Mr. Chief Justice Simpson.    The action below was commenced in November, 1883, upon an account contracted by the defendant's intestate between January, 1874, and July, 1875. The defendant relied on the statute of limitations.    This was resisted, on the ground that the defendant, in consideration of forbearance, had agreed that, in case the amount was not paid before six years after the maturity of the account, he would not plead the statute, and parol testimony was offered to prove this verbal agreement.    This was objected to by the defendant, on the ground that no such evidence could be offered unless in writing.    The judge ruled that no acknowledgment or promise tending to establish a new or continuing contract was admissible unless the same were contained in some writing signed by the defendant or his intestate, and he excluded the testimony offered. Was this error ? is the only question raised in the appeal.

The code, section 131, provides in terms "that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take a case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby."    The ruling of the Circuit judge was not only in accordance with this provision of the code, but was almost in the precise language thereof, and unless there is force in the ingenious argument of the appellant, in which he attempted to apply the doctrine of estoppel to the case, said ruling must be affirmed.    So that the real question is, can the doctrine of estoppel be made to apply ?

It is very clear that it was the intention of the legislature, in the section of the code referred to, to declare in absolute terms that no verbal promise or acknowledgment should revive or continue a contract otherwise subject to the statute of limitations. This, in fact, is the positive and emphatic declaration of the act, and there can be no question as to its meaning. It is equally clear, therefore, that if the doctrine contended for by the appellant is admissible upon the ground stated, this would be equivalent to expunging this section from the code; because if a verbal promise to pay a debt and not to plead the statute estops a debtor from denying that the promise was in writing, then the very mischief which the section was intended to prevent, the possibility of a renewal or continuance of contracts by verbal promises, would be revived in a new form, and the section of the code referred to would be rendered nugatory, thereby defeating the declared public policy on that subject.

In *Hodgdon* v. *Chase*, 29 *Me.*, 50, it was held that a parol promise founded upon a valuable consideration made by defendant to waive the statute of limitations and to take no advantage of the same would not preclude him from setting up the statute as a defence. See also the cases of *Shapley* v. *Abbott*, 42 *N. Y.*, 443; also 22 *N. Y.*, 249. In this last case the decision was put upon the broad ground of public policy, and it was held that the agreement to waive the benefit of the statute of exemptions could not operate in any way, either as a waiver, or as an agreement by way of estoppel, for the reason that it would subvert the policy of the law. In *Shapley* v. *Abbott*, *supra*, it was held that the same reason would apply in that case.

The policy of the statute requiring that every promise or acknowledgment to take a case out of the statute shall be in writing signed by the party to be charged, is to prevent frauds and perjuries, and it is the duty of the courts so to administer the law as to uphold this policy. If a parol promise not to plead the statute is to be held operative, either as a waiver or as an agreement, or by way of estoppel, to subvert the statute, then all the mischief will be let in which it was the policy of the law to shut out. It will be observed that the language of the section above referred to does not stop simply at verbal promises to pay

a debt barred, or about to be barred, by the statute, but it includes every and all verbal promises intended to defeat the statute, and therefore includes a promise not to plead the statute, as well as a promise in terms to pay a debt, and renders both inoperative.

We see no error in the rulings excepted to. It is the judgment of this court that the judgment of the Circuit Court be affirmed.